# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2023

No. 22-30708
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SALIH REED,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:22-CR-6-1

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Salih Reed appeals the $500 per month restitution installment amount imposed as a condition of supervised release following his conviction of two counts of theft of firearms from a licensee. He argues that the district court plainly erred by imposing an unrealistically high payment amount without conducting the analysis required by 18 U.S.C. § 3664(f)(2).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30708

As Reed correctly notes, because he failed to object to the condition of supervised release at sentencing, this court's review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To demonstrate plain error, Reed must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* An error is not clear or obvious if it is subject to reasonable debate. *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009). If Reed makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

The presentence report, which the district court adopted without objection, set forth Reed's financial situation. *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). The district court's comments at sentencing indicate that the court considered Reed's financial resources, earning potential, and obligations, as required by § 3664(f)(2), prior to establishing the restitution installment plan. *See United States v. Miller*, 406 F.3d 323, 328 (5th Cir. 2005).

Given the foregoing, Reed has not established reversible plain error in the imposition of the $500 per month restitution installment amount as a term of supervised release. *See Puckett*, 556 U.S. at 135. Consequently, the judgment of the district court is AFFIRMED.